DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Ottawa County Court of Common Pleas, Probate Division, wherein the court denied appellant, Sally McCann's "motion to set aside order of sale and cancel contract of sale." At issue is the sale of land from the estate of appellant's late husband, John R. McCann. For the reasons that follow, we affirm the judgment of the probate court.
 {¶ 2} John R. McCann died testate on February 12, 1998. He is survived by his wife, appellant Sally McCann, and eight children. On February 27, 1998, John R. McCann's will was admitted to probate. At the time of his death, McCann was the owner of two parcels of adjoining land located in Port Clinton, Ohio. Parcel one was a probate asset. Parcel two had been conveyed by McCann to his revocable trust shortly before his death. The Huntington Bank is the successor trustee of McCann's trust. McCann's will granted his executor the power to sell any real estate belonging to the estate. In pertinent part, the will stated:
 {¶ 3} "I give to my Executor, or any duly appointed successor, the following powers and rights, to be exercised in the Executor's discretion without court order and approval, which powers and rights shall be in addition to those granted by law:
 {¶ 4} "(A) To sell (including the authority to sell to a noncorporate Executor in such person's individual capacity, with the approval of the Probate Court), exchange, transfer, lease, mortgage, or convey any real or personal property belonging to my estate, at public or private sale, and upon such terms and conditions, including credit, as my Executor deems best;
 {¶ 5} "(B) To execute and deliver any deeds, contracts, mortgages, bills of sale, or other instruments necessary or desirable for the exercise of the Executor's powers;
 {¶ 6} "(C) To employ agents for the sale of any real or personal property, and to pay compensation or commissions to the agents without obtaining any authority from any court;
 {¶ 7} "(D) To compromise, settle, or adjust any claims or demands by or against my estate, and to agree to any rescission or modification of any contract or agreement;"
 {¶ 8} In the will, appellant was appointed executor. Timothy McCann was appointed executor with the same powers, duties and immunities in the event appellant failed to qualify or declined to serve as executor. In a June 26, 1998 judgment entry, the court found that both appellant and Timothy McCann declined to serve as executor. Both parties agreed to the appointment of Dale A. Kline as administrator with the will annexed, ("administrator WWA") of the estate of John MCann with the powers conferred by law to fully administer the estate. On August 14, 1998, the administrator WWA, filed an application to take over the management and rental of the Port Clinton property. The application was granted on September 3, 1998. After reviewing the property appraisals of both parcels, the administrator WWA and the Huntington Bank determined that it would be beneficial to cooperate in offering the two parcels for sale as a unit.
 {¶ 9} On February 10, 2000, appellee, Thomas Timothy McCann, son of John R. McCann, entered into a contract to purchase the Port Clinton property from the administrator WWA and the Huntington National Bank. The purchase price was $370,000. All beneficiaries to McCann's will, including appellant, were given notice of the appraisals and the sale. None of the beneficiaries filed objections. On February 15, 2000, the administrator WWA filed a motion with the probate court seeking an order "authorizing said administrator to exercise the power of sale granted by decedent to his executor." On March 23, 2000, the court granted the administrator's motion, approved the sale and ordered the closing to take place "as soon as practicable after any environmental issues involving said property have been resolved."
 {¶ 10} Approximately two years later on July 15, 2002, appellant filed a "motion to set aside order of sale and cancel contract of sale" and a "withdrawal of consent to sale of real estate." Appellant asked that the sale of the Port Clinton property be set aside because the contract of sale was executed with no definite closing date and because she believed the purchase price to be inadequate for the present market. In a decision and judgment entry denying appellant's motion, the court stated as follows:
 {¶ 11} "[T]he court is cognizant of the fact that two years, four months is an extraordinary amount of time to complete the sale of real estate. It appears, however, that in this case, there were extenuating environmental circumstances recognized by the parties to the contract as well as the former judge of this court. The parties to the contract-Thomas Timothy McCann, the administrator WWA and the successor trustee-still remain willing to conclude performance of the contract. The `third party beneficiaries,' [appellant] * * * had opportunities to address their concerns regarding the sale. They initially agreed with the sale and are now bound by their consents."
 {¶ 12} Appellant now appeals setting forth the following assignments of error:
 {¶ 13} "I. The court erred in denying sally McCann's motion to set aside the sale of the premises, which is the subject of this appeal.
 {¶ 14} "II. The court erred in finding that the sale had been closed within a reasonable time because of extenuating environmental circumstances.
 {¶ 15} "III. The court erred in finding that sally McCann and Jeff Digby had consented and were bound by their consent to the sale. Especially since the consents were given based upon the original written contract which provided for a closing within 20 days after court approval and prior to the court's order which thereafter substantially changed the provisions of said written contract from a 20 day closing, in effect, to a two year and four month closing.
 {¶ 16} "IV. The decision of the probate court was against the manifest weight of the evidence."
 {¶ 17} Appellant's four assignments of error will be addressed together. Appellant contends that the court erred in modifying the terms of the original contract to purchase executed on February 10, 2000. Citing the proposition that a court may not interpret terms of a contract to create agreements not intended by the parties where the terms of a contract are clear and unambiguous, Alexander v. Buckeye Pipeline Co. (1978),53 Ohio St.2d 241, 246, appellant contends that the court erred in modifying the closing date of the sale contract in its March 23, 2000 court order authorizing the administrator to exercise his power of sale. As discussed earlier, the original contract to purchase called for the closing date to take place "not later than twenty (days) after court approval * * *" The court order authorizing the administrator to sell the property stated that closing shall "* * * take place as soon as practicable after any environmental issues involving said property have been resolved." All of the beneficiaries received notice of the court's March 23 order. None of the beneficiaries filed objections.
 {¶ 18} Appellant's reliance on the basic concepts of contract law is misplaced in this matter. As this case involves the sale of property pursuant to validly executed will, we must first look to the statutes governing probate law for guidance. R.C. 2113.39
states:
 {¶ 19} "If a qualified executor, administrator, or testamentary trustee is authorized by will or devise to sell any class of personal property whatsoever or real estate, no order shall be required from the probate court to enable him to act in pursuance of the power vested in him. A power to sell authorizes a sale for any purpose deemed by such executor, administrator, or testamentary trustee to be for the best interest of the estate, unless the power is expressly limited by such will."
 {¶ 20} The administrator WWA in this case, as the duly appointed successor to the executor, was authorized by will to sell the property without a court order. The will did not require the executor or the administrator WWA as a duly appointed successor to seek consent from any third party beneficiaries[1] and, the administrator WWA was authorized by will to accept any modifications to the purchase contract. The administrator WWA, in this case, chose to accept a modified closing date that happened to have been suggested by the probate court. Pursuant to R.C. 2113.39, the administrator WWA was well within his authority to consent to the modified closing date. Accordingly, appellant's assignments of error are found not well-taken.
 {¶ 21} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Ottawa County Court of Common Pleas, Probate Division, is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., concur.
[1] R.C. 2127.011 does not require an executor to obtain the beneficiaries' written consent before selling decedent's real estate where the executor has testamentary power of sale. In reEstate of Hyer, 7th Dist. No. 03-MO-9, 2004-Ohio-5359.